UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
``````````````````````````````````````````````````````

**JEANNA L. KRATZERT,**

                              **Plaintiff,**

               **-v-**                            **1-09-CV-597 (NAM/RFT)**

**WHITE LODGING SERVICES, INC.,**

                              **Defendant.**

``````````````````````````````````````````````````````

APPEARANCES:

GRUBEN LAW FIRM. PLLC
Jill A. Gruben, Esq., of counsel
12 Hemphill Place, P.O. Box 2576
Malta, New York 12020
Attorney for Plaintiff

BOND, SCHOENECK & KING, PLLC
Sarah Delaney Vero, Esq., of counsel
111 Washington Avenue
Albany, New York 12210
Attorney for Defendant

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

      Defendant moves (Dkt. No. 8) to dismiss this diversity action on the ground that section 206-c of the New York Labor Law ("Labor Law") does not create a private right of action. Section 206-c does not expressly authorize a private right of action; thus, under New York law, such a right exists only if it "may fairly be implied" from a reading of the statute. *See Sheehy v Big Flats Community Day, Inc.*, 73 N.Y.2d 629, 633 (1989). The essential factors to be considered are: "(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the

legislative scheme." *Id.* The third factor – the consistency of such a right with the legislative scheme – is the "most important[]." *Burns Jackson Miller Summit & Spitzer v. Lindner*, 59 N.Y.2d 314, 325 (1983). Here, plaintiff's complaint fails, as a matter of law, to meet the third factor; there is nothing in the statute or its legislative history to suggest that creation of a private right of action would be consistent with the legislative scheme. To the contrary, it is clear from the statute and the overall structure of the Labor Law that, as with a number of other statutes concerning workplace conditions, the legislative goal was to improve workplace conditions generally and not to establish a vehicle for the compensation of particular individuals. *See, e.g., Browne v. I.H.O.P.*, 2005 WL 1889799 (E.D.N.Y. Aug. 9, 2005) (Labor Law § 162); *Carrube v. New York City Transit Auth.*, 738 N.Y.S.2d 67 (2d Dep't 2002) (Labor Law §§ 162, 166)[1]; *Gain v. Eastern Reinforcing Serv., Inc.*, 603 N.Y.S.2d 189, 191-92 (3d Dep't 1993) (Labor Law § 202-h). An employee aggrieved by a violation of section 206-c may pursue the administrative enforcement procedures authorized by section 21 of the Labor Law.

It is therefore

ORDERED that defendant's motion (Dkt. No. 8) is granted and the complaint dismissed.

IT IS SO ORDERED.

Date: March 8, 2010
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge

---

[1] The Court is aware that in *AHA Sales, Inc. v. Creative Bath Products, Inc*., 867 N.Y.S.2d 169, 178 (2d Dep't Nov. 12, 2008) the Second Department declined to follow *Carrube* "to the extent that it holds that there is no private cause of action under a statute whenever the body of law has a potent official enforcement mechanism[.]" The Second Department's rejection of *Carrube* court's overly-broad and inaccurate statement does not, however, amount to rejection of *Carrube's* holding that sections 162 and 166 do not create a private right of action.